# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KAREN CALLAHAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 2024-1099-BWD |
| | ) | |
| JOSEPH NELSON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION DENYING
## MOTION TO DISMISS PETITION FOR PARTITION

Date Submitted: May 2, 2025
Date Decided: May 7, 2025

William B. Larson, Jr., John J. Klusman, III, MANNING GROSS + MASSENBURG LLP, Wilmington, DE; *Attorneys for Petitioner Karen Callahan*.

Josiah R. Wolcott, CONNOLLY GALLAGHER LLP, Wilmington, DE; *Attorneys for Respondent Joseph Nelson*.

**DAVID, V.C.**

"You get a dog on your mind, it seems to fill up the whole space. Everything you do reminds you of that dog."[1] The petitioner and respondent in this partition action suffer that affliction. The parties acquired a Goldendoodle named Tucker while they were dating. After their relationship ended, a years-long legal battle over Tucker's ownership ensued—first in the Justice of the Peace Court, next in the Court of Common Pleas, then in the Superior Court, and now in the Court of Chancery. Prior court rulings determined that the parties jointly own Tucker.

In this latest action, the petitioner seeks to partition Tucker. The respondent has moved to dismiss, arguing that the relief sought is "unprecedented" and that a companion animal should not be partitioned. This short memorandum opinion denies the motion to dismiss. "While dog owners and lovers may shudder at the thought,"[2] the law recognizes dogs as property, even if many of us do not consider them so. If the parties had been married, the Family Court could determine ownership of Tucker under the framework of a recently enacted statute that takes into consideration the well-being of a companion animal.[3] But the parties were not married, and in equity, partition provides the remedy for co-owners wishing to sever their interests in jointly owned property.

---

[1] Phyllis Reynolds Naylor, SHILOH ch. 11 (1991).

[2] *Callahan v. Nelson*, 2024 WL 2764433, at *2 (Del. Super. Ct. May 29, 2024).

[3] *See* 17 *Del. C.* § 1513(g)(2).

1

This memorandum opinion does not decide *how* to partition a dog; only that the Court can, and should, do so here. Concerned readers may rest assured that Tucker will not be partitioned in kind (*i.e.*, physically divided), nor will he be publicly auctioned. The right procedure will result in one party owning Tucker and the other receiving a monetary award. The parties will meet and confer, and submit supplemental briefing if necessary, on the appropriate procedure to govern the partition.

## I. BACKGROUND

The following facts are taken from the Petition for Partition (the "Petition") and the documents incorporated by reference therein. Pet. for Partition [hereinafter Pet.], Dkt. 1.[4]

Petitioner Karen Callahan ("Petitioner") and respondent Joseph Nelson ("Respondent") previously dated but never married. Pet. ¶ 3. While they were a couple, Petitioner and Respondent purchased a pet Goldendoodle named Tucker. *Id.* ¶ 4. Petitioner and Respondent ended their relationship in May 2022, and Petitioner has not seen Tucker since. *Id.* ¶ 8.

---

[4] *See Allen v. Encore Energy P'rs, L.P.*, 72 A.3d 93, 96 n.2 (Del. 2013) ("A judge may consider documents outside of the pleadings only when: . . . the document is integral to a plaintiff's claim and incorporated in the complaint . . . ." (citing *Vanderbilt Income & Growth Assocs., L.L.C. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 612 (Del. 1996))).

In June 2022, Petitioner filed a petition for replevin in the Justice of the Peace Court ("JP Court"), seeking the return of Tucker and other items. *Callahan v. Nelson*, 2024 WL 2764433, at *1 (Del. Super. May 29, 2024). In December, the JP Court issued a post-trial decision, "which ruled that [Petitioner] was the rightful owner of the dog." *Id.* Respondent appealed the JP Court's ruling to the Court of Common Pleas ("CCP") and Petitioner filed a *de novo* petition for replevin in CCP. *Id.* at *2. CCP held a two-day trial, after which it "ruled in favor of [Respondent], finding that [Petitioner] could not obtain replevin because the dog was jointly owned by both [Respondent] and [Petitioner]." *Id.* Petitioner appealed the CCP's ruling to the Superior Court, which affirmed, explaining that the CCP's finding of joint ownership was supported by the evidence. *Id.*

Petitioner then initiated this action through the filing of the Petition, seeking an order for partition of Tucker. Dkt. 1. Respondent moved to dismiss the Petition (the "Motion to Dismiss").[5] Dkt. 4. The Court heard oral argument on the Motion to Dismiss on May 2, 2025.

---

[5] Opening Br. in Support of Def. Joseph Nelson's Mot. to Dismiss "Pet. for Partition" of Pl. Karen Callahan, Dkt. 7; Answering Br. in Opp'n to Resp't's Mot. to Dismiss "Pet. for Partition" of Pet'r, Dkt. 8; Reply Br. in Further Support of Def. Joseph Nelson's Mot. to Dismiss "Pet. for Partition" of Pl. Karen Callahan, Dkt. 7.

## II. ANALYSIS

Respondent has moved to dismiss the Petition for failure to state a claim under Court of Chancery Rule 12(b)(6).[6] He argues that the Court should refuse to order the "unprecedented" relief—partition of a companion animal—sought in the Petition. OB at 6–7.

The equitable remedy of partition developed under English law to provide a remedy to co-owners wishing to sever their undivided interests in jointly owned property. *Peters v. Robinson*, 636 A.2d 926, 928 (Del. 1994). "The purpose of a partition proceeding is to eliminate a present concurrent interest in the same property so that each owner may enjoy and possess his or her interest in severalty." *Id.* at 929. Without a partition remedy, co-owners could be locked into joint ownership indefinitely.

Delaware's partition statute governs only the right to partition real property,[7] but courts of equity also "have historical[ly] upheld the right of a tenant in common

---

[6] When reviewing a motion to dismiss under Court of Chancery Rule 12(b)(6), Delaware courts "(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well pleaded' if they give the opposing party notice of the claim, [and] (3) draw all reasonable inferences in favor of the non-moving party . . . ." *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011) (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[7] 25 *Del C.* § 721(a) ("When any 2 or more persons hold lands and tenements within this State as joint tenants or tenants in common, . . . any 1 or more of them, . . . may present a

4

to seek a partition of personal property." *Burkett v. Ward*, 2012 WL 6764072, at *1 (Del. Ch. Dec. 19, 2012) (citing *JLF, Inc. v. NJE Aircraft Corp.*, 1988 WL 58274, at *2 (Del. Ch. June 2, 1988)).[8] And the law views a pet as personal property. *See* 16 *Del. C.* § 3050F(a) ("All dogs shall be deemed personal property . . . ."); *see also, e.g.*, *Conte v. Fossett*, 2013 WL 1143329, at *1 (Del. Super. Mar. 19, 2013) ("[T]he law views a dog as property."); *Naples v. Miller*, 2009 WL 1163504, at *2 (Del. Super. Apr. 30, 2009) (same). A jointly owned pet, then, is subject to a partition remedy.

Respondent urges the Court to dismiss the Petition, however, on the grounds that partition of a companion animal is inconsistent with recent legislation aimed at protecting the well-being of companion animals. On June 27, 2023, Delaware enacted three laws enhancing protections for companion animals,[9] including an

---

petition to the Court of Chancery of the county wherein the lands and tenements are situate . . . . The petition shall state the facts, describe the lands and tenements so held, and pray partition thereof among the several parties entitled to such lands and tenements according to their several and respective interests.").

[8] *See also Reed v. Greene*, 2020 WL 7239574, at *2 (Del. Ch. Dec. 8, 2020) (finding equitable jurisdiction over partition of a bank account), *R. & R. adopted*, 2020 WL 7239574 (Del. Ch. Dec. 21, 2020); *Carradin v. Carradin*, 1980 WL 10015, at *3 (Del. Ch. Jan. 31, 1980) ("A court of equity is the proper tribunal for the partition of personal property whether the title is legal or equitable . . . .").

[9] Del. H.B. 95, 152d Gen. Assem. (2023); Del. S.B, 70, 152d Gen. Assem. (2023); Del. S.B. 71, 152d Gen. Assem. (2023).

amendment to Title 13, Section 1513,[10] which now directs the Family Court to "take into consideration the well-being of [a] companion animal" when awarding ownership of a family pet in a divorce proceeding.[11] Pointing out that "'equitable principals may be invoked' to prevent partition," Respondent argues that the Court should dismiss the Petition "as a matter of [this] recent public policy in Delaware."[12]

Respondent's policy argument does not support dismissal of the Petition. If the parties had been married, the Family Court could have determined ownership of Tucker under Title 13, Section 1513. But because they were not, partition provides the mechanism for these co-owners to sever their property interests. Without that equitable remedy, the parties might remain trapped in joint ownership of their pet indefinitely, notwithstanding what I assume is a mutual desire to go separate ways. To the extent public policy and equity support protecting companion animals, crafting a fair and orderly process to resolve the rights of these co-owners so they

---

[10] Section 1513 itself recognizes that a companion animal is property. *See* 13 *Del. C.* § 1513 ("If the Court finds that a companion animal of the parties is marital *property* . . . ." (emphasis added)).

[11] The factors include "[t]he ability of each party to own, support, and provide necessary care for the companion animal," "[t]he attachment between the companion animal and each of the parties," and "[t]he time and effort each party spent with the companion animal during the marriage tending to the companion animal's needs." 17 *Del. C.* § 1513(g)(2).

[12] OB at 7 (citing *Berry v. Abbott*, 16 Del. Ch. 449, 491 (Del. Orph. Ct. 1927), for the proposition that a petition for partition may be denied if the request is "so revolting to the public at large that it would be contrary to public policy to permit it").

can move on is in the best interests of everyone involved, including Tucker. The Motion to Dismiss the Petition is, therefore, denied.

This begs the question of what comes next. Under Delaware's real property partition statute, the default is "a physical, in kind, division of the real property"[13] unless division would "be detrimental to the interests of the parties entitled[.]"[14] The alternative, absent agreement of the parties, is a sale at "public vendue"—in other words, a public auction. But the partition statute does not control here. The parties need not worry that the Court will order partition in kind,[15] nor would it make much sense to order a public auction when the parties here attach far more value to Tucker than would any member of the public.

---

[13] *Est. of CTC E., LLC v. Goldstein*, 2022 WL 4592055, at *6 (Del. Ch. Sept. 30, 2022) (quoting *Peters*, 636 A.2d at 929), *aff'd sub nom. In re CTC E., LLC v. Goldstein*, 2022 WL 4592055 (Del. Ch. Mar. 31, 2023).

[14] *Id.* (citing 25 *Del. C.* § 729).

[15] *But see Seokoh, Inc. v. Lard-PT, LLC*, 2021 WL 1197593, at *1 (Del. Ch. Mar. 30, 2021) ("When conjuring an image of compromise, many invoke King Solomon, or Jedidiah, the proverbial source of the classic aphorism, 'split the baby.'") (citing *Kings* 3:16–28)); *Sequoia Presidential Yacht Gp. LLC v. FE P'rs LLC*, 2016 WL 6678444, at *1 (Del. Ch. Nov. 14, 2016) ("[King] Solomon offered to cut the infant in two—which is considered the epitome of wisdom.").

Luckily, this Court can fashion another remedy in equity.[16] It seems clear that a partition process should result in one party owning Tucker, with the other receiving a monetary award. As one possibility, the parties could submit themselves to a blind bidding auction, where the highest bidder buys out the lower bidder's interest.[17] Or the Court could award ownership of Tucker based on his best interests and grant the other party a money judgment based on an appraisal. Or the parties could propose a better alternative. The parties should meet and confer to see if they can reach agreement on a proposed process, and if they cannot, they should submit briefing that describes their respective positions on next steps.

## III.  CONCLUSION

For the reasons explained above, the Motion to Dismiss is DENIED.

---

[16] *Hogg v. Walker*, 622 A.3d 648, 654 (Del. 1993) (explaining the Court of Chancery "has broad latitude to exercise its equitable powers to craft a remedy"); *In re Columbia Pipeline Gp., Inc. Merger Litig.*, 299 A.3d 393, 494 (Del. Ch. 2023) ("The court's remedial powers 'are complete to fashion any form of equitable and monetary relief as may be appropriate' and 'to grant such other relief as the facts of a particular case may dictate.'" (quoting *Weinberger v. UOP, Inc.*, 457 A.2d 701, 714 (Del. 1983))).

[17] *See* Nat'l Conf. of Comm'rs on Unif. State L., *Uniform Partition of Heirs Property Act* § 10(a) (Oct. 19, 2010), https://www.uniformlaws.org/viewdocument/final-act-97?CommunityKey=50724584-e808-4255-bc5d-8ea4e588371d&tab=librarydocuments (permitting "a sale by sealed bids" where it "would be more economically advantageous and in the best interest of the cotenants as a group").